# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: : | |
| : | Case No. 18-69019-LRC |
| MARVELAY, LLC, : | |
| : | |
| Debtor. : | Chapter 7 |
| : | |

## APPLICATION FOR APPROVAL OF EMPLOYMENT OF LAMBERTH, CIFELLI, ELLIS & NASON, P.A. AS COUNSEL FOR THE TRUSTEE

COMES NOW Martha A. Miller ("**Trustee**" or "**Applicant**"), in her capacity as the Chapter 7 trustee for the Bankruptcy estate of Marvelay, LLC and files this Trustee's Application to Employ Counsel (the "**Application**"). Trustee seeks authority to retain the law firm of Lamberth, Cifelli, Ellis & Nason, P.A. ("**Counsel**" or the "**Firm**") as counsel to represent the estate, and respectfully shows the Court as follows:

1. On November 9, 2018, (the "**Petition Date**"), the Debtor filed a petition constituting an order for relief pursuant to 11 U.S.C. § 301 thereby initiating the above captioned Chapter 7 Case.

2. On November 9, 2011, the Trustee was appointed as the interim Chapter 7 Trustee.

3. The 11 U.S.C. § 341 Initial Meeting of Creditors is scheduled for December 17, 2018.

4. In order to administer the case in a proper, efficient, and economical manner, Applicant requires services of legal counsel.

5. Applicant shows that it is necessary to retain attorneys to assist Applicant in this case with matters regarding the investigation and recovery of assets; pursuit of litigation, when and if necessary; asset sales; legal issues regarding administration of the case, including claims

analysis; objections to claims as needed, and such other matters as may arise regarding which Applicant may need legal advice and counsel in the course of this case.

6. Applicant wishes to employ the law firm of Lamberth, Cifelli, Ellis & Nason, P.A., 1117 Perimeter Center West, Suite W212, Atlanta, Georgia 30338, (404) 262-7373, as Applicant's counsel herein. Applicant shows that the attorneys practicing with said law firm are admitted to practice in this Court, have knowledge and experience with regard to the matters in which the firm is to be engaged, and are well qualified to represent Applicant. Attached to the Firm's Bankruptcy Rule 2014 Verification attached hereto as Exhibit "A" is a statement with regard to the Firm's qualifications and the terms and conditions of its employment, including the current rates and policy regarding reimbursement of expenses.  Applicant anticipates seeking reasonable compensation based upon the recognized factors.  No compensation will be paid by Applicant to said law firm except upon application to and approval by the Bankruptcy Court after notice and hearing as required by law.

WHEREFORE, Applicant prays for authority to retain and employ the law firm of Lamberth, Cifelli, Ellis & Nason, P.A., in this case for the purposes specified herein above, and that Applicant have such other and further relief as may be just and proper.

This 3rd day of December, 2018.

                 /s/ Martha A. Miller
              Martha A. Miller
              Chapter 7 Trustee

P.O. Box 5630
Atlanta, Georgia 31107

**EXHIBIT "A"**
**RULE 2014 VERIFICATION WITH REGARD TO**
**EMPLOYMENT OF ATTORNEYS**

The undersigned hereby declares under penalty of perjury:

1. I am a Partner of the law firm of Lamberth, Cifelli, Ellis & Nason, P.A., a professional association engaged in the practice of law with offices at 1117 Perimeter Center West, Suite W212, Atlanta, Georgia 30338 (the "Firm"). All attorneys practicing with the Firm are attorneys at law duly admitted to practice in the State of Georgia and in the United States District Court, Northern District of Georgia.

2. The Firm has been asked to represent Martha A. Miller, in her capacity as the Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Marvelay, LLC ("Debtor"). To the best of my knowledge, the Firm has no professional, business, or other connection with the aforementioned Debtor, its attorneys, creditors, or any party in interest in this case, except as set forth below. The Firm represents no interest which would be adverse to the estate of Debtor in connection with the matters upon which the Firm is to be engaged. Disclosure is made that the Firm has previously represented and does represent Martha A. Miller (in her capacity as a bankruptcy trustee) as special or general counsel in unrelated matters.

3. The Firm served as counsel for the Chapter 7 trustee Cathy L. Scarver in the prior bankruptcy case of Igo Vincent, Inc., filed on January 7, 2013 in the Bankruptcy Court for the Northern District of Georgia, Case Number 13-50396 (the "Igo Vincent Case"). The Igo Vincent Case was closed as a no asset case on April 1, 2014. Upon information and belief many of the Debtor's insiders and affiliates were also insiders and affiliates of Igo Vincent, Inc. including, without limitation members of the Quattrochi family and Lilliam DeJesus. Because the Igo Vincent Case was a no-asset case in which no distribution was made by the trustee, the Firm received no compensation for its representation in the Igo Vincent Case.

4. Prior to being employed in the Igo Vincent Case, G. Frank Nason, a partner of the Firm, and Christopher D. Phillips, an attorney with the Firm at the time, had been contacted in or about April 2010 by Cary Quattrocchi, an affiliate of Igo Vincent, Inc. Mr. Nason and Mr. Phillips had at least one telephone conversation with Mr. Quattrocchi, which included general initial discussions about bankruptcy. Mr. Nason recalled telephone contact with Mr. Quattrocchi. Mr. Phillips was uncertain as to whether there was a meeting or only telephone contact. The Firm was not engaged by Mr. Quattrocchi or any of his entities, and the discussion was in the nature of a general discussion about potential engagement and the general bankruptcy process. The Firm was not engaged, issued no bills regarding the contact, and neither Mr. Nason nor Mr. Phillips heard anything further from Mr. Quattrocchi after the April contact. Furthermore, Mr. Phillips is no longer employed by the firm.

In addition to the above contact, I received a cold call in September 2010 regarding Igo Vincent, Inc. The call came from Lilliam DeJesus who was inquiring about the general requirements for filing a Chapter 11 case, such as the filling fee requirements and general costs. Because the Firm will not file a bankruptcy case without appropriate assessment, I indicated that

I would need to have certain data and financial information in order to assess matters before the Firm would be willing to represent anyone. Ms. DeJesus mentioned that there would be a follow up call with Cary Quattrocchi, her, or both, but there was not a follow up call. I received no further phone calls regarding Igo Vincent, Inc., and there was no further contact with Ms. DeJesus.

5. Before being contacted by the Trustee in the current matter, Frank Nason was contacted by William Rountree, Debtor's bankruptcy counsel, who inquired as to whether Mr. Nason might represent individuals affiliated with the Debtor. There were no confidences disclosed in these discussions. Mr. Nason never had any discussion or contact with any of these individuals. Mr. Nason has advised Debtor's counsel that the Firm will be representing the Trustee and Debtor's counsel has confirmed that the Debtor has no objection to the Firm's representation of the Trustee in this matter.

6. In the instances mentioned above in paragraphs 4 and 5, the Firm did not undertake representation, entered into no engagement agreements, and issued no bills or statements. The contacts were not unusual in the sense that the contacts were perceived by the attorneys as calls shopping for a bankruptcy attorney.

7. The Firm represents no interest which would be adverse to the estate of the Debtor in connection with the matters upon which the Firm is to be engaged. Accordingly, I believe the Firm is a "disinterested person" as that term is defined in section 101(14), as modified by section 1107(b) of the Bankruptcy Code.

8. Attached hereto is the Firm's Resume, describing the Firm's attorneys, current hourly rates, and charges for expenses.

9. The Firm will not expect nor receive any compensation from the estate except upon application to and approval by the Bankruptcy Court after notice and hearing.

I verify that the above statements are true to the extent of my present knowledge and belief.

Dated this 3rd day of December, 2018.

        /s/ Gregory D. Ellis
Gregory D. Ellis
Georgia Bar No. 245310

*The Resume of the Law Firm of*

# LAMBERTH,
## CIFELLI,
### ELLIS &
#### NASON, P.A.

383989

# Lamberth, Cifelli, Ellis & Nason, P.A.

1117 Perimeter Center West
Suite W212
Atlanta, Georgia  30338
(404) 262-7373
(404) 262-9911 (fax)
www.LCENlaw.com

FIRM RESUME

*Lamberth, Cifelli, Ellis & Nason, P.A.*, a professional association organized in 1972, is engaged in a general civil practice, with emphasis and concentrations in the areas of creditor's rights, bankruptcy and insolvency law, business reorganization, general business, and trial and appellate practice.  The Firm has an "av" rating in the Martindale-Hubbell Law Directory.

Within the framework of its creditor/debtor law and bankruptcy practice, the Firm has substantial experience in the representation of clients in bankruptcy cases, representation of trustees, state court receivers, Chapter 11 Debtors, creditor's committees, and other fiduciaries in business bankruptcy cases.  Members of the Firm have served as Chapter 11 and Chapter 7 Trustees and state court receivers.

The Firm charges a reasonable fee, taking into account the time and value of services rendered.  Currently, time is generally charged at rates ranging from $200 to $495 per hour for attorney time and $110 to $215 per hour for paralegal time.  Other relevant factors taken into account in setting a reasonable fee include the amounts involved and the results achieved in the representation, the novelty and complexity of the issues presented, and any time constraints imposed by the client or the circumstances.  The Firm also charges for expenses incurred in connection with the provision of legal services as set forth in the attached Expense Description.

All attorneys practicing with the Firm are members of the State Bar of Georgia and are admitted to practice before the United States District Court of the Northern District of Georgia.  The attached Attorney Resume sets forth the names, qualifications, and proposed hourly rates of the Firm's attorneys.  Each attorney's hourly rate is subject to adjustment in accordance with economic conditions and changes in his or her qualifications, experience, and ability.  The Firm may hire additional associate attorneys, whose hourly rates will be determined in accordance with their qualifications, experience, and ability.

383989

## ATTORNEY RESUME

**James Craig Cifelli** ($495.00 per hour).  A.B., cum laude, Duke University, 1973; J.D., Vanderbilt University, 1976.  Admitted to bar, 1976.  Speaker at seminars for lawyers and credit managers on topics relating to bankruptcy, enforcement of creditor's rights and collection of accounts.  (Also admitted in Connecticut.)

**Stuart F. Clayton, Jr.** ($360.00 per hour). B.A., University of North Carolina, 1983; J.D., University of North Carolina, 1987.  Admitted to bar, 1989.  Articles Editor, NORTH CAROLINA JOURNAL OF INTERNATIONAL LAW AND COMMERCIAL REGULATION, 1986-87.  (Also admitted in North Carolina.)

**Gregory D. Ellis** ($495.00 per hour).  B.S., University of Pennsylvania, 1984; J.D., with distinction, Emory University, 1989.  Admitted to bar, 1989.  C.P.A., licensed in State of New York, 1986.

**Sharon K. Kacmarcik** ($395.00 per hour). B.S., highest honors, University of Illinois, 1988; J.D., with distinction, Emory University, 1991.  Admitted to bar, 1991. Professional Articles Editor, EMORY INTERNATIONAL LAW REVIEW, 1990-91.  Law Clerk to the Honorable Sam B. Hall, Jr., United States District Judge, Eastern District of Texas, 1991-92. (Also admitted in Texas and Illinois.)

**J. Michael Lamberth** ($495.00 per hour). B.E., magna cum laude, Vanderbilt University, 1970; J.D., with distinction, Duke University, 1973.  Admitted to bar, 1974.  Law clerk to: the Honorable Sidney O. Smith, Jr., Chief U.S. District Court Judge for the Northern District of Georgia, 1973-74; the Honorable James C. Hill, U.S. District Court Judge for the Northern District of Georgia, 1974-75; State Bar of Georgia Bankruptcy Section - Member, Board of Directors 1993-1997;   Treasurer 1994-1995; Vice-Chair, 1995-1996; Chair, 1996-1997. Advisory Committee of the Judicial Conference of the United States, Federal Rules of Bankruptcy Procedure 2005-11.  Director, Southeastern Bankruptcy Law Institute.

**Preston M. Mueller** ($200.00 per hour). B.A., with distinction, University of Michigan, 2013; J.D., Emory University, 2016.  Admitted to bar, 2017.

**G. Frank Nason, IV** ($395.00 per hour). B.A., Vanderbilt University, 1983; J.D., cum laude, Walter F. George School of Law, Mercer University, 1986.  Admitted to bar, 1986.  Member, 1984-85 and Managing Editor Staff, 1985-86, MERCER UNIVERSITY LAW REVIEW; Recipient, American Jurisprudence Award for Property, II.

**LAMBERTH, CIFELLI, ELLIS & NASON, P.A.**

**Expense Description**

Out-of-pocket expenses incurred in connection with the provision of legal services are charged to the client for reimbursement of the amount expended. These charges typically include: court filing fees; court reporting fees for appearances or transcriptions in connection with testimony at hearings, trials, depositions or examinations; record search fees by independent services; out-of-town express courier charges; postage; travel expenses (including lodging and air fare); costs for working luncheons or dinners and out-of-town meals; charges for copies of documents outside the office and applicable certification fees (public records, court documents, opposing counsel charges); and online research (actual cost or, in the case of services available for a flat fee, a charge based on the estimated average cost of the services).

The Firm contracts with an independent courier service for deliveries within the metropolitan Atlanta area. The Firm charges either actual cost per delivery or a pro rated charge based on the estimated cost of the service in the event of multiple deliveries.

The Firm also charges for the following:

    Photocopies (10 cents per page)

    Telecopy Transmissions and Receipts (25 cents per page sent or received)

    Local travel (mileage at rates consistent with the then applicable Internal Revenue Code Procedure is 54 cents per mile)

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has on this day caused to be served a true and correct copy of the foregoing Application for Approval of Employment of Lamberth, Cifelli, Ellis & Nason, P.A. as Counsel for the Trustee upon all those parties listed below by depositing the same in the U.S. mail in a properly addressed envelope with adequate postage affixed thereon to assure delivery to:

>William Anderson Rountree
>Rountree and Leitman, LLC
>2800 North Druid Hills Road
>Building B, Ste. 100
>Atlanta, Georgia 30329
>
>Marvelay LLC
>2601 Summers Street NW, Ste. 300
>Kennesaw, Georgia 30144
>
>Office of the United States Trustee
>362 Richard B. Russell Federal Building
>75 Ted Turner Drive, SW
>Atlanta, GA 30303
>
>Martha A. Miller
>P.O. Box 5630
>Atlanta, Georgia 31107

This 3rd day of December, 2018.

>*/s/ Gregory D. Ellis*
>Gregory D. Ellis
>Georgia Bar No. 245310
>GEllis@lcenlaw.com

1117 Perimeter Center West
Suite W212
Atlanta, GA 30338
(404) 262-7373