IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | : |
| | : CHAPTER 7 |
| MARVELAY, LLC | : |
| | : CASE NO. 18-69019 |
| Debtor. | : |
| | : |

**TRUSTEE'S MOTION FOR ORDER AUTHORIZING COMPROMISES AND SETTLEMENTS WITH VARIOUS DEFENDANTS UNDER FEDERAL RULES OF BANKRUPTCY PROCEDURE RULE 9019**

COMES NOW Martha A. Miller, as the Chapter 7 Trustee ("Trustee" or "Plaintiff") for the bankruptcy estate of Marvelay, LLC ("Marvelay" or "Debtor"), by and through the undersigned counsel, and files *Trustee's Motion for Order Authorizing Compromises and Settlements with Various Defendants under Federal Rules of Bankruptcy Procedure Rule 9019* (the "Motion"). In support of the Motion, Trustee respectfully shows the Court as follows:

**I. JURISDICTION**

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). This Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

**II. BACKGROUND**

2. On November 9, 2018 (the "Petition Date"), Marvelay filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§101, *et seq.* (the "Bankruptcy Code"), commencing Case No. 18-68019 (the "**Marvelay Bankruptcy Case**").

3. The Trustee was appointed Chapter 7 trustee for Marvelay on or about November 13, 2018, and became permanent trustee following the conclusion of the section 341 meeting of creditors on February 19, 2019.

4. Trustee is the sole representative of the Debtor's bankruptcy estate. 11 U.S.C. §323(a).

5. In November 2020, Trustee filed Adversary Proceeding No. 20-06252 (the "**Insider Litigation**") in the Bankruptcy Case, wherein, among other things, Trustee seeks to avoid and recover certain transfers from the individuals and entities named as defendants therein certain of which Trustee asserts are insiders of the Debtor (these defendants and any defendant that may hereafter be added as an insider defendant to the Insider Litigation are collectively referred to as the "**Insider Defendants**").

6. In November 2020, Trustee also filed 51 adversary proceedings seeking, *inter alia*, to avoid and recover certain payments made by Debtor in the ninety days, two years, and four years preceding the filing of the Marvelay Bankruptcy Case to the defendants in those adversary proceedings. Thereafter, the Trustee filed amended complaints in each of the 51 adversary proceedings to add, in most cases, additional payments made by the Debtor to the defendants that the Trustee seeks to avoid.

7. Out of the 51 adversary proceedings, defendants in 23 of the adversary proceedings are represented by the same counsel, and Trustee has been in settlement discussions with said counsel on behalf of those 23 defendants (collectively, the "Settling Defendants" and individually each a "Settling Defendant"). Specifically, the Settling Defendants and their respective adversary proceedings are listed on Exhibit A to the Settlement Agreement and incorporated herein by reference. The transfers the Trustee seeks to avoid from each Settling Defendant (the "Respective

2

Transfers") are listed on Exhibit A to the Settlement Agreement and collectively total $2,597,474.74 for all Settling Defendants.

### III. THE SETTLEMENTS

8. Following good faith negotiations, Trustee reached an agreement (the "Settlement Agreement") with each Settling Defendant to resolve their dispute, subject to Bankruptcy Court approval. In reaching the Settlement Agreement and as set forth in more detail below, the Trustee took into account the arguments of the Settling Defendants, the costs of litigation, and the costs of collection if Trustee were to be successful in her litigation against the Settling Defendants,

9. A copy of the Settlement Agreement is attached hereto as Exhibit "1" and incorporated herein by reference. The following are significant terms of the Settlement Agreement:[1]

    a. Subject to the occurrence of the applicable Effective Date (defined in the Settlement Agreement as the date the Bankruptcy Court's order granting the Motion and approving the settlement between the Trustee and the applicable Settling Defendant becomes a final, non-appealable order), each Settling Defendant shall pay to the Trustee the sum designated on Exhibit A to the Settlement Agreement as said Defendant's respective settlement payment (the "**Respective Settlement Payment**"), in full and final satisfaction of the claims against said Defendant as detailed in the Settlement Agreement. The Respective Settlement Payment must be paid to the Trustee on or before September 30, 2021[2], subject to the occurrence of the applicable Effective Date on or before September 21, 2021. In the event the applicable

---

[1] To the extent the terms of the Settlement Agreement differ from the summary of the terms describe in this Motion, the Settlement Agreement shall control.
[2] SkyDive the Rock, as part of its settlement, has an option to extend the payment deadline for (60) days for a $1,500 option price.

3

Effective Date occurs after September 21, 2021, the Respective Settlement Payment must be paid within fourteen (14) days of the applicable Effective Date.

      b.      Subject to the occurrence of both the Effective Date and the receipt by the Trustee of the Respective Settlement Payment, the Trustee and each applicable Settling Defendant mutually release all claims, as set forth in the Settlement Agreement, against each other that (a) arise under the Bankruptcy Code, including, but not limited to, claims arising under Chapter 5 of the Bankruptcy Code to avoid and recover any amounts from said Defendant, including, but not limited to, the Respective Transfers, or (b) arise under any non-bankruptcy law and otherwise related to the business relationship between said Defendant and the Debtor; provided, however, that nothing in the Settlement Agreement releases (i) any claims arising out of or related to the Insider Litigation or against any of the Insider Defendants or (ii) any claims arising out of or related to any of the Other Adversary Proceedings or against any of the Other Defendants (both as defined in the Settlement Agreement as the remainder of the 51 adversary proceedings and those defendants therein that are not included in the Settlement Agreement).

      c.      In the event a Settling Defendant does not timely pay the Respective Settlement Payment as provided for in the Settlement Agreement, the Trustee and the applicable Defendant shall be deemed to have consented to an agreement for a stipulated consent judgment (the "**Stipulated Judgment**") against said Defendant and in favor of the Trustee in the amount of the Respective Settlement Payment plus $15,000.00, and Trustee shall be authorized to file pleadings for entry of the Stipulated Judgment with the Settlement Agreement constituting consent by said Defendant to the Bankruptcy Court's entry of a judgment against it and in favor of the Trustee in the amount of the Respective Settlement Payment plus $15,000.00.

## IV. RELIEF REQUESTED

10.     By this Motion, Trustee requests that the Court approve the Settlement Agreement.

## V. BASIS FOR RELIEF

11.     Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Bankruptcy Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id*. at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).

12.     Given the potential expense of litigation in the event the claims which are proposed to be settled are instead prosecuted, the amount of time that such litigation will require, the delay before the final outcome is known, the complexity and uncertain resolution of factual and legal disputes, and the relative size of the claims filed in the Debtor's bankruptcy case, settlement on

5

the terms set forth in the Settlement Agreement is in the best interests of the Debtor's bankruptcy estate.

13. The Settlement Agreement will result in a total of $285,000.00 being paid to the Debtor's bankruptcy estate. There are substantial unpaid priority and administrative claims in the Debtor's bankruptcy case, and unsecured claims are in excess of $20 million dollars. As a result, the Settlement Agreement will result in funds being available to pay administrative and priority claims, including claims of individual consumers for the purchase of services that were not provided. Due to the anticipated amount of priority and administrative claims, the settlement funds will likely not have a material impact on any recovery to general unsecured creditors in this case.

14. Under the standard set forth above and for the reasons detailed in this Motion, Trustee requests that this Court approve the Settlement Agreement.

WHEREFORE, Trustee respectfully requests that the Court enter an Order: (i) granting this Motion; (ii) authorizing Trustee to take actions reasonably necessary to effectuate the terms of the Settlement Agreement; and (iii) granting to Trustee such other and further relief as the Court deems just and appropriate.

Dated this 23rd day of July, 2021.

LAMBERTH, CIFELLI, ELLIS
& NASON, P.A.
*Counsel for Trustee*

By: ___/s/ Gregory D. Ellis___
Gregory D. Ellis
Georgia Bar No. 245310
gellis@lcenlaw.com

6000 Lake Forrest Drive, N.W., Ste. 435
Atlanta, GA 30328
(404) 262-7373

                                PORTNOY, GARNER & NAIL, LLC
                                *Special Counsel for Trustee*

                                By: /s/ Garrett A. Nail
                                Garrett A. Nail
                                Georgia Bar No. 997924
                                gnail@pgnlaw.com

3350 Riverwood Pkwy, Suite 460
Atlanta 30339
(404) 688-8800

**EXHIBIT "1" FOLLOWS**

## SETTEMENT AGREEMENT

This settlement agreement (the "**Agreement**") is made and entered into this ____ day of _____, 2021, by and between (i) each defendant listed on Exhibit "A" hereto (individually, a "**Defendant**"), and (ii) Martha A. Miller, the Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of Marvelay, LLC (the "**Debtor**") in the Debtor's Chapter 7 bankruptcy case pending in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 18-69019-LRC.

## Defined Terms

In addition to terms elsewhere defined in this Agreement, as used herein, the following defined terms shall have the following meanings:

"**Adversary Proceeding**" shall mean and refer to the respective Adversary Proceeding brought by the Trustee in the Bankruptcy Case against each individual Defendant, as reflected on Exhibit A by the adversary proceeding number.

"**Affiliates**" shall mean, with respect to each individual Defendant, the Defendant's employees, officers, directors, parents, affiliates (as defined in the Bankruptcy Code), subsidiaries, professionals, attorneys, members, agents, representatives, successors, and assigns, but such definition shall exclude the Other Defendants and the Insider Defendants.

"**Bankruptcy Case**" shall mean and refer to the Chapter 7 bankruptcy case styled *In re Marvelay, LLC,* Case No. 18-69019-LRC, currently pending in the Bankruptcy Court.

"**Bankruptcy Code**" shall mean and refer to Title 11 of the United States Code, 11 U.S.C. §§101 *et seq.*

"**Bankruptcy Court**" shall mean and refer to the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, with jurisdiction over the Bankruptcy Case.

"**Bankruptcy Approval Order**" shall mean and refer to an order or orders entered by the Bankruptcy Court in the Bankruptcy Case approving this Agreement and authorizing the consummation of one or more of the settlements which are the subject of this Agreement.

"**Effective Date**" shall mean and refer to the date on which a Bankruptcy Approval Order has become final ("**final**", in this context, means fourteen (14) calendar days shall have passed after entry of the Bankruptcy Approval Order without a notice of appeal, motion to extend time to file an appeal, or motion for reconsideration (or any similar motion) having been filed, or, if such a notice or motion is filed, such appeal shall have been conclusively resolved or such motion shall have been denied).

"**Party**" shall mean and refer to the Trustee or a Defendant.

"**Petition Date**" shall mean and refer to November 9, 2018.

## Recitals

WHEREAS, on the Petition Date, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code;

WHEREAS, the Trustee asserts that during the four year period prior to the Petition Date, each Defendant received certain transfers from the Debtor in the amounts set forth on Exhibit "A" (the "**Respective Transfers**"), which the Trustee alleges are subject to avoidance and recovery pursuant to the relevant provisions of the Bankruptcy Code and/or Georgia law;

WHEREAS, in November 2020, the Trustee initiated each Adversary Proceeding listed on Exhibit A against the respective Defendant on Exhibit A through the filing of a complaint, wherein, among other things, the Trustee seeks to avoid and recover the Respective Transfers;

WHEREAS, on November 8, 2020, the Trustee filed her *Complaint* in the Bankruptcy Case, initiating Adversary Proceeding No. 20-06252 (the "**Insider Litigation**"), in which, among other things, the Trustee seeks to avoid and recover certain transfers from the individuals and entities named as defendants therein certain of which the Trustee asserts are insiders of the Debtor (these defendants and any defendant that may hereafter be added as an insider defendant to the Insider Litigation are collectively referred to as the "**Insider Defendants**");

WHEREAS, in addition to the Insider Litigation and each Adversary Proceeding listed on Exhibit A, between November 4 and November 8, 2020, the Trustee filed twenty-nine (29) additional adversary proceedings in the Bankruptcy Case as listed on Exhibit B hereto (the "**Other Adversary Proceedings**") against various other defendants also listed on Exhibit B (the "**Other Defendants**"), in which, among other things, the Trustee seeks to avoid and recover certain transfers;

WHEREAS, the following proofs of claim were filed in the Bankruptcy Case: 1) Claim No. 1 filed by Defendant Amazing Adventures, Inc., as a priority unsecured claim in the amount of $5,075.00 (the "**Amazing Adventures Claim**"); 2) Claim No. 2 filed by Defendant Sky Down Skydiving, LLC, as a general unsecured claim in the amount of $4,380.00 (the "**Sky Down Claim**"); 3) Claim No. 7 filed by Defendant Skydive Mesquite, LLC, as a priority unsecured claim in the amount of $1,212.00 (the "**Skydive Mesquite Claim**"); and 4) Claim No. 11 filed by Defendant Just Say Skydive, Inc., as a general, unsecured claim in the amount of $3,045.00 (the "**Just Say Skydive Claim**");

WHEREAS, each Party, through each Party's respective counsel, engaged in arms-length, honest and frank settlement negotiations relating to this Agreement;

WHEREAS, the Trustee is willing to settle this matter on the terms of this Agreement; and

WHEREAS, each Party believes that it is in the Party's respective best interests to enter into this Agreement to avoid any further costs and expenses associated with the Party's respective Adversary Proceeding.

2

NOW, THEREFORE, in consideration of the foregoing and the covenants hereinafter set forth, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby agreed by each Party as follows:

1.  <u>Settlement Payment.</u> Subject to the occurrence of the applicable Effective Date, each Defendant shall pay to the Trustee the sum designated on Exhibit A as the Defendant's respective settlement payment (the "**Respective Settlement Payment**"), in full and final satisfaction of the claims against said Defendant as detailed herein. The Respective Settlement Payment must be paid to the Trustee on or before September 30, 2021, subject to the occurrence of the applicable Effective Date on or before September 21, 2021. In the event the applicable Effective Date occurs after September 21, 2021, the Respective Settlement Payment must be paid within fourteen (14) days of the applicable Effective Date. Each Respective Settlement Payment shall be paid by wire according to instructions provided by the Trustee to each Defendant (or its counsel) or by delivery of a certified or cashier's check payable to Martha A. Miller, as Chapter 7 Trustee for Marvelay, LLC, and delivered to Martha Miller Law, LLC, P.O. Box 5630, Atlanta, GA 31107.

2.  <u>Disallowance of All Other Claims.</u> Subject to the occurrence of the applicable Effective Date and the receipt by the Trustee of the Defendant's Respective Settlement Payment, any and all claims of the applicable Defendant and any of its Affiliates, whether filed, unfiled or scheduled, against the Debtor shall be deemed disallowed, and neither said Defendant nor its Affiliates shall be entitled to any claims against the Trustee, the Debtor, or the Debtor's bankruptcy estates in any amount for any reason, including, but not limited to, any claim under section 502(h) of the Bankruptcy Code. Notwithstanding anything to the contrary contained in this Agreement, the Amazing Adventures Claim, the Sky Down Claim, the Skydive Mesquite Claim, and the Just Say Skydive Claim shall not be disallowed by this Agreement but are subject to review and possible objection by the Trustee and may be disallowed, reduced, or reclassified by subsequent order of the Bankruptcy Court on appropriate grounds.

3.  <u>Dismissal of Adversary Proceeding.</u> Subject to the occurrence of the applicable Effective Date and the receipt by the Trustee of the Defendant's Respective Settlement Payment, the Trustee and the applicable Defendant shall, within fourteen (14) days of the receipt by the Trustee of said payment, file a stipulation to dismiss the Defendant's respective Adversary Proceeding with prejudice.

4.  <u>Mutual Release of Claims.</u>

    (a)  Subject to the occurrence of both the applicable Effective Date and the receipt by the Trustee of the Defendant's Respective Settlement Payment, the Trustee, on behalf of itself, the Trustee's professionals, the Debtor and the Debtor's bankruptcy estates (collectively, the "**Debtor Parties**"), hereby releases, acquits and forever discharges the applicable Defendant and its Affiliates from any and all claims, counterclaims, rights, demands, obligations, costs, damages, losses, liabilities, attorneys' fees, actions, lawsuits and causes of action, of whatever kind or nature, known or unknown, fixed or contingent, which the Debtor Parties have, had or may hereafter claim to have in law or in equity, arising on or before the date of this Agreement, that (a) arise under the Bankruptcy Code, including, but not limited to, claims arising under Chapter 5 of the Bankruptcy

3

Code to avoid and recover any amounts from said Defendant, including, but not limited to, the Respective Transfers, or (b) arise under any non-bankruptcy law and otherwise relate to the business relationship between said Defendant and the Debtor; provided however that nothing in this Agreement or this release shall release (i) any claims arising out of or related to the Insider Litigation or against any of the Insider Defendants or (ii) any claims arising out of or related to any of the Other Adversary Proceedings or against any of the Other Defendants in the Other Adversary Proceedings, and all such claims are preserved.

(b) Subject to the occurrence of both the applicable Effective Date and the receipt by the Trustee of the Defendant's Respective Settlement Payment, the applicable Defendant and its Affiliates hereby release, acquit and forever discharge the Debtor Parties from any and all claims, counterclaims, rights, demands, obligations, costs, damages, losses, liabilities, attorneys' fees, actions, lawsuits and causes of action, of whatever kind or nature, known or unknown, fixed or contingent, which said Defendant or its Affiliates has, had or may hereafter claim to have in law or in equity, arising on or before the date of this Agreement, that (a) arise under the Bankruptcy Code, or (b) arise under any non-bankruptcy law and otherwise relate to the business relationship between such Defendant and the Debtor.

5. <u>Bankruptcy Approval.</u> The Trustee agrees to promptly file a motion with the Bankruptcy Court seeking approval of this Agreement. If this Agreement is not approved by the Bankruptcy Court for any reason, then this Agreement shall be null and void, and inadmissible against any Party, and each Party shall be returned in all respects to the *status quo ante.*

6. <u>Representations by each Party</u>:

(a) <u>By the Trustee</u>: The Trustee represents and warrants that: (i) she, subject to approval of the Agreement by the Bankruptcy Court, has full authority to execute and deliver this Agreement and to consummate the transactions contemplated herein; and (ii) the execution of this Agreement by the Trustee and the performance of her obligations hereunder will not violate any agreement, order of court, whether written or oral, to which the Trustee is a party or otherwise subject.

(b) <u>By each Defendant</u>: Each Defendant represents and warrants that: (i) it has full authority to execute and deliver this Agreement and to consummate the transactions contemplated herein; and (ii) the execution of this Agreement by the Defendant and the performance of its obligations hereunder will not violate any agreement, order of court, whether written or oral, to which the Defendant is a party or otherwise subject.

7. <u>Agreement for Stipulated Judgment in the event of non-payment</u>. In the event a Defendant does not timely pay the Respective Settlement Payment as provided for herein, **with time being of the essence,** the Trustee and the applicable Defendant shall be deemed to have consented to an agreement for a stipulated consent judgment (the "**Stipulated Judgment**") against said Defendant and in favor of the Trustee in the amount of the Respective Settlement Payment plus $15,000.00, and Trustee shall be authorized to file pleadings for entry of the Stipulated Judgment with this Agreement constituting consent by said Defendant to the Bankruptcy Court's entry of a judgment against it and in favor of the Trustee in the amount of the Respective Settlement

4

Payment plus $15,000.00. The Trustee and said Defendant acknowledge and agree that in the event of such nonpayment, the Trustee shall be entitled to the additional $15,000.00 because the actual damages in the event of nonpayment by said Defendant will be impractical and extremely difficult to ascertain, and the additional $15,000.00 is a reasonable pre-estimate of the costs and risk of collection. The Trustee and said Defendant expressly acknowledge that the foregoing provision is not intended to be a penalty, but as liquidated damages, as permitted by applicable law, in the event of nonpayment by the Defendant and as compensation for such nonpayment.

8.     No Admission of Liability or Wrongdoing. It is understood and agreed that this Agreement is being made in connection with the settlement and compromise of disputed claims and that such settlement is not to be construed as an admission or concession of liability by any Party.

9.     Attorneys' Fees and Costs. Each Party shall bear the Party's own costs and attorneys' fees incurred in connection with this Agreement and consummation of the settlements which are the subject of this Agreement.

10.    Joint Authorship. This Agreement is the product of the negotiation of each Party and their respective counsel. By agreement of each Party, this Agreement shall be deemed to have been drafted jointly by every Party, and any ambiguity in this Agreement shall not be construed for or against any Party by virtue of the identity of any drafter.

11.    Waiver. No waiver of any breach of any one or more of the conditions or covenants of this Agreement by any Party shall be deemed to imply or constitute a waiver of any breach of any other condition or covenant in this Agreement, or a waiver of a breach of the same condition or covenant in the future.

12.    Authority and Binding Effect. By their signatures below, each respective signatory represents that he or she has the express authority of the Party for which he or she executes this Agreement, and further has the express authority to bind his or her principals to the terms of this Agreement. Each Party represents that it is the sole and current owner of all of the claims released by this Agreement. This Agreement shall be binding upon each Party and the Party's successors and assigns, and, as to the Trustee, any successor trustee(s) appointed.

13.    Entire Agreement. This Agreement, and the documents and exhibits referred to herein, contain the entire understanding of every Party with respect to the subject matter hereof and there have been no representations, warranties, statements, or promises, express or implied, upon which any Party hereto has relied except as specifically provided in this Agreement.

14.    Amendments or Modifications of this Agreement. This Agreement may not be amended, modified, or changed, nor shall any waiver of any provision hereof be effective, except by an instrument in writing and signed by every affected Party.

15.    Counterparts. This Agreement may be executed in any number of counterparts, including by a "PDF" thereof or by facsimile, each of which when executed and delivered shall constitute the executed copy of the Agreement and shall be deemed a duplicate original thereof.

16. <u>Severability.</u> Each Party agrees that, if any single immaterial section or provision of this Agreement should be found unenforceable, it shall be severed and the remaining sections and provisions shall be enforced in accordance with the terms of this Agreement.

17. <u>Consent.</u> Each Party represents that the Party has read this Agreement and has consulted with the Party's respective attorneys about the meaning and effect of this Agreement, has been represented by counsel with respect to this Agreement, and that the Party understands this Agreement and agrees to the terms and conditions thereof and signs freely of the Party's own will.

18. <u>Sections and Headings.</u> The headings and captions used in this Agreement and the organization of the provisions of this Agreement into separate sections are for the purposes of information, ease of reference, and convenience only, and do not themselves limit, expand, construe, or modify the contents of any provision hereof or of the mutual intents hereby expressed.

19. <u>Governing Law.</u> This Agreement is to be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Georgia.

20. <u>Jurisdiction.</u> Any dispute, action or proceeding arising out of or relating to this Agreement, including the Stipulated Judgment and liquidated damage provision herein, shall be within the jurisdiction of the Bankruptcy Court. In the event the Bankruptcy Court declines jurisdiction, each Party agrees that jurisdiction is proper in the state or federal courts of the State of Georgia.

This Agreement is hereby executed effective as of the date written on page 1, above.

[SIGNATURE PAGES FOLLOW]

| EXHIBIT "A" | | | |
|---|---|---|---|
| **DEFENDANT** | **ADVERSARY PROCEEDING NUMBER** | **RESPECTIVE TRANSFERS** | **SETTLEMENT AMOUNT** |
| Adventure Balloon Sports, LLC | 20-06212 | $ 149,290.00 | $ 16,380.39 |
| Amazing Adventures, Inc. d/b/a Magical Adventure Balloon Rides | 20-06210 | $ 45,800.00 | $ 5,025.27 |
| California Sky Sports Inc. d/b/a Skydive West Coast | 20-06204 | $ 100,091.00 | $ 10,982.18 |
| Cleveland Skydiving Center, Inc. | 20-06201 | $ 207,564.00 | $ 22,774.33 |
| Drop Zone Management, Inc. d/b/a Skydive Spaceland Clewiston | 20-06239 | $ 63,479.83 | $ 6,965.13 |
| Jump Florida Skydiving, LLC | 20-06219 | $ 125,818.00 | $ 13,805.00 |
| Just Say "Skydive", Inc. d/b/a School of Human Flight | 20-06226 | $ 48,419.00 | $ 5,312.63 |
| Midwest FreeFall Sport Parachute Club, Inc. | 20-06220 | $ 66,415.65 | $ 7,287.25 |
| No Limits Skydiving, Inc. | 20-06222 | $ 98,470.00 | $ 10,804.32 |
| Performance Plus Inc. d/b/a Skydive Spaceland Dallas | 20-06244 | $ 80,267.76 | $ 8,807.14 |
| Piedmont Skydiving Center L.L.C. | 20-06224 | $ 68,915.00 | $ 7,561.49 |
| Rodger E. Conley d/b/a Canton Air Sports | 20-06203 | $ 126,708.00 | $ 13,902.65 |
| Sky Down Skydiving, LLC | 20-06229 | $ 56,410.00 | $ 6,189.42 |
| SkyDive Mesquite, Limited Liability Company | 20-06233 | $ 299,871.50 | $ 32,902.49 |
| SkyDive Midwest Skydiving Center Inc. | 20-06234 | $ 185,800.00 | $ 20,386.34 |
| Skydive Pennsylvania, Inc. | 20-06236 | $ 90,802.00 | $ 9,962.97 |
| SkyDive San Diego, Inc. | 20-06237 | $ 83,258.00 | $ 9,135.23 |
| Skydive Spaceland | 20-06238 | $ 285,628.00 | $ 31,339.66 |
| SkyDive The Rock | 20-06242 | $ 177,540.00 | $ 19,480.04 |
| SkyDive Toledo LLC | 20-06243 | $ 46,985.00 | $ 5,155.29 |
| SkyDive Warren County, Inc. d/b/a Skydive Cincinnati | 20-06250 | $ 60,363.00 | $ 6,623.15 |
| Uninsured Gildersports L.L.C. d/b/a Glidersports Skydiving and Uninsured Glidersports Skydiving, LLC | 20-06215 | $ 47,420.00 | $ 5,203.01 |
| Zerotime Aviation, LLC d/b/a SkyDive North Florida | 20-06245 | $ 82,159.00 | $ 9,014.65 |
| **TOTAL:** | | $ 2,597,474.74 | $ 285,000.00 |

| EXHIBIT "B" | |
|---|---|
| **DEFENDANT** | **ADVERSARY PROCEEDING NUMBER** |
| Aerogelic Ballooning, L.L.C. | 20-06211 |
| America's Unknown Destinations, Inc. | 20-06209 |
| Arkansas Air Sports, Inc. | 20-06208 |
| Balloon Entertainment, Co. d/b/a Balloons and Beyond | 20-06207 |
| Captain Telegram, Inc. | 20-06202 |
| Charles Arreola d/b/a A Balloon Over Sonoma | 20-06213 |
| Flywendyfly, LLC | 20-06216 |
| Hudson Valley Enchanted Balloon Tours, Inc. d/b/a Enchanted Balloon Tours | 20-06217 |
| In Flight Balloon Adventures, LLC | 20-06218 |
| Lonestar Parachute Center, Inc. | 20-06221 |
| Michigan Resource Recovery, LLC d/b/a SkyDive West Texas | 20-06223 |
| Sedona Sunset Ballooning, LLC | 20-06227 |
| SkyDive Central NC LLC | 20-06230 |
| SkyDive Cowtown LLC | 20-06231 |
| SkyDive Delmarva, Inc. | 20-06232 |
| SkyDive Palm Beach, Inc. | 20-06235 |
| SkyDive Tandem Greenville, LLC | 20-06240 |
| SkyDive Temple, Inc. | 20-06241 |
| SkyDivers Guild, Inc. | 20-06249 |
| Skydiving Services of Colorado Co. d/b/a Skydive Royal Gorge | 20-06251 |
| U.S. Sport Aeronautics Corp. | 20-06251 |
| Southern Minnesota Skydiving, LLC | 20-06248 |
| Sunrise Balloons Temecula | 20-06247 |
| Tranquility Balloon Rides, Inc. | 20-06246 |
| Up & Down Enterprises, Ltd. d/b/a Balloons Unlimited | 20-06206 |

# OPTION AGREEMENT

This Option Agreement is made and entered into this ___ day of _____, 2021, by and between SkyDive The Rock (the "**Defendant**") and Martha A. Miller, the Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of Marvelay, LLC (the "**Debtor**") in the Debtor's Chapter 7 bankruptcy case pending in the United States Bankruptcy Court for the Northern District of Georgia (the "**Bankruptcy Court**"), Case No. 18-69019-LRC (the "**Bankruptcy Case**").

WHEREAS, Trustee has proposed to Defendant that certain Settlement Agreement (the "**Settlement Agreement**") relating to the bankruptcy adversary proceeding that Trustee filed against Defendant as part of the Bankruptcy Case;

WHEREAS, paragraph 1 of the Settlement Agreement provides for Defendant to make a payment (the "**Respective Settlement Payment**") to Trustee by a deadline established within paragraph 1 of the Settlement Agreement (the "**Payment Deadline**");

WHEREAS, Defendant wishes to have the option to extend the Payment Deadline if Defendant is unable to deliver the Respective Settlement Payment to the Trustee on or before the Payment Deadline;

WHEREAS, Defendant is unwilling to execute the Settlement Agreement without the option to extend the Payment Deadline as provided herein; and

WHEREAS, the Trustee is willing to grant Defendant an extension of the Payment Deadline on the terms and conditions set forth herein.

NOW THEREFORE, in consideration of the foregoing and the covenants hereinafter set forth, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby agreed by each Party as follows:

1. <u>Grant of Option and Option Period.</u>  Trustee hereby grants to Defendant the option to extend the Payment Deadline by a period of sixty (60) days (the "**Option**"), conditioned on execution by Defendant of the Settlement Agreement, approval by the Bankruptcy Court of the Settlement Agreement and payment to the Trustee by the Defendant of the Option Price set forth herein on or before the occurrence of the Payment Deadline without extension.

2. <u>Vesting.</u>  The right to exercise the Option provided for herein shall vest in Defendant and be exercisable in full upon approval by the Bankruptcy Court of the Settlement Agreement.

3. <u>Option Price.</u>  The Option Price is one-thousand, five-hundred dollars ($1,500.00) (the "**Option Price**").

4. <u>Expiration.</u>  The Option shall expire and shall cease to be exercisable if not exercised on or before the occurrence of the Payment Deadline without extension.

[SIGNATURE PAGES TO FOLLOW]

As evidenced by the duly authorized signatures below, the signatories hereto are bound by this Option Agreement.

| Martha A. Miller, as Chapter 7 Trustee for Marvelay, LLC | SkyDive The Rock |
|---|---|
| By: | By: |
| Name: | Name: |
| Title: | Title: |

## CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing *Trustee's Motion for Order Authorizing Compromises and Settlements with Various Defendants under Federal Rules of Bankruptcy Procedure Rule 9019* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program:

Jonathan A Akins
jakins@swfllp.com

John A. Christy
jchristy@swfllp.com
amcrae@swfllp.com

John F. Connolly
jconnolly@fcwlawfirm.com
supportstaff@fcwlawfirm.com

Ian M. Falcone
legalassistant@falconefirm.com

Will B. Geer
wgeer@wiggamgeer.com
willgeer@ecf.courtdrive.com
2836@notices.nextchapterbk.com
4233204420@filings.docketbird.com
bkparalegal@wiggamgeer.com

Glenn E. Glover
gglover@bradley.com
kpbarnes@bradley.com

Whitney W. Groff
wgroff@law.ga.gov

Brian P. Hall
bhall@sgrlaw.com
sgr.notifications@gmail.com

Collin D. Hatcher
chatcher@kingyaklin.com
omoneva@kingyaklin.com

Michael F. Holbein
mholbein@sgrlaw.com

Leon S. Jones
ljones@joneswalden.com
jwdistribution@joneswalden.com
cparker@joneswalden.com
cmccord@joneswalden.com
lpineyro@joneswalden.com
arich@joneswalden.com
ewooden@joneswalden.com

Jacquelyn L. Kneidel
jkneidel@law.ga.gov

Office of the United States Trustee
ustpregion21.at.ecf@usdoj.gov

Michael D. Robl
michael@roblgroup.com
lelena@roblgroup.com
shannon@roblgroup.com

William A. Rountree
wrountree@rlklawfirm.com
swenger@rlklawfirm.com
yalamin@rlklawfirm.com
6717577420@filings.docketbird.com
R71213@notify.bestcase.com
csmith@rlklawfirm.com
ablanco@rlklawfirm.com
bwenger@rlklawfirm.com

Theodore N. Stapleton
tstaple@tstaple.com

James Alton Young
jyoung@jamesyounglaw.com
sarai@jamesyounglaw.com

Dated: July 23, 2021

*/s/ Gregory D. Ellis*
Gregory D. Ellis
Georgia Bar No. 245310
gellis@lcenlaw.com