IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | CHAPTER 7 |
| MARVELAY, LLC | : | |
| | : | CASE NO. 18-69019 |
| Debtor. | : | |
| | : | |

**TRUSTEE'S MOTION FOR ORDER AUTHORIZING COMPROMISES AND
SETTLEMENTS WITH CERTAIN DEFENDANTS, INCLUDING CERTAIN INSIDERS,
UNDER FEDERAL RULES OF BANKRUPTCY PROCEDURE RULE 9019**

COMES NOW Martha A. Miller, as the Chapter 7 Trustee ("Trustee") for the bankruptcy

estate of Marvelay, LLC ("Marvelay" or "Debtor"), by and through the undersigned counsel, and

files *Trustee's Motion for Order Authorizing Compromises and Settlements with Certain

Defendants, including Certain Insiders, under Federal Rules of Bankruptcy Procedure Rule 9019*

(the "Motion").  In support of the Motion, Trustee respectfully shows the Court as follows:

### I. JURISDICTION

1.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334.

Venue of this case in this District is proper under 28 U.S.C. §§ 1408 and 1409. The statutory

predicate for the relief sought herein is Rule 9019 of the Federal Rules of Bankruptcy Procedure

(the "Bankruptcy Rules"). This Motion is a core proceeding under 28 U.S.C. § 157(b)(2).

### II. BACKGROUND

2.      On November 9, 2018 (the "Petition Date"), Marvelay filed a voluntary petition for

relief under Chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§101, *et seq.* (the

"Bankruptcy Code"), commencing Case No. 18-68019 (the "Marvelay Bankruptcy Case").

3.     The Trustee was appointed Chapter 7 trustee for Marvelay on or about November 13, 2018, and became permanent trustee following the conclusion of the section 341 meeting of creditors on February 19, 2019.

4.     Trustee is the sole representative of the Debtor's bankruptcy estate. 11 U.S.C. §323(a).

5.     In November 2020, Trustee filed Adversary Proceeding No. 20-06252 (the "Insider Litigation") in the Bankruptcy Case, wherein, among other things, Trustee seeks to avoid and recover certain transfers from the individuals and entities named as defendants therein, certain of which Trustee asserts are insiders of the Debtor (the "Insider Defendants").

6.     On September 1, 2021, in the Insider Litigation, the Trustee filed the Trustee's Motion to Sever and for Leave to File Amended Complaints, Together with Memorandum of Law in Support, and Trustee's Response in Opposition to Motions to Dismiss and Motion to Extend Time to Answer Count III (the "Sever Motion"; Insider Litigation Doc. 44).

7.     On December 16, 2021, the Court entered an order (the "Sever Order"; Insider Litigation Doc. 56) granting the Sever Motion, wherein the Court, *inter alia*, ordered the Clerk of the Court to sever the Insider Litigation into separate adversary proceedings (the "Adversary Proceedings") as set forth therein.

### III. THE SETTLEMENTS

8.     Following good faith negotiations, Trustee reached an agreement (the "Settlement Agreement") to resolve her disputes, subject to Bankruptcy Court approval, with the following defendants: Cary Quattrocchi; Asta Quattrocchi; Chris Surhoff f/k/a Chris Quattrocchi; Erran Fain Yearty; Lisa Strawn; John Quattrocchi; Darlene A. Zdrojewski; 4DZ, LLC (d/b/a Skydive Alabama, Skydive Georgia, Skydive Tennessee, Skylander/South Carolina Skydiving); SDG, LLC

2

(d/b/a Skydive Alabama, Skydive Georgia, Skydive Tennessee); SDPA, LLC (d/b/a Skydive Philadelphia); Yvonne Crooks Cline; Ewok LLC; Falken, LLC (d/b/a Trident Technology); Camorin, LLC; Granter Media, Inc; Bilateral, LLC (d/b/a Bilateral Marketing); and Albright, LLC; (collectively, the "Settling Defendants"). In reaching the Settlement Agreement and as set forth in more detail below, the Trustee took into account the arguments of the Settling Defendants, the costs of litigation, and the costs of collection if Trustee were to be successful in her litigation against the Settling Defendants.

9.      A copy of the proposed Settlement Agreement and form consent order in the pending litigation with the State of Georgia are attached hereto as Exhibit "1" and incorporated herein by reference. The following are significant terms of the Settlement Agreement:[1]

a.      Subject to the occurrence of the applicable Effective Date (defined in the Settlement Agreement as the date the Bankruptcy Court's order granting the Motion and approving the settlement between the Trustee and the Settling Defendant becomes a final, non-appealable order), the Settling Defendants shall pay to the Trustee $265,000.00 (the "Settlement Payment"), in full and final satisfaction of the claims against the Settling Defendants, as detailed in the Settlement Agreement. The Settlement Payment must be paid to the Trustee on or before five business days after the Effective Date.

b.      Subject to the occurrence of both the Effective Date and the receipt by the Trustee of the Settlement Payment, the Trustee and the Settling Defendants mutually release all claims, as set forth in the Settlement Agreement, against each other that (a) arise under the

---

[1] To the extent the terms of the Settlement Agreement differ from the summary of the terms describe in this Motion, the Settlement Agreement shall control.  The Settlement Agreement will be conformed to be consistent with the Sever Order

Bankruptcy Code, or (b) arise under any non-bankruptcy law and are otherwise related to the business relationship between the Settling Defendants and the Debtor.

       c.     Pursuant to the Settlement Agreement, the Trustee has agreed to dismiss the Insider Litigation against the Settling Defendants and the Non-Settling Defendants (as defined in the Settlement Agreement) with prejudice. The Trustee intends to also dismiss the severed Adversary Proceedings with prejudice.

## IV. RELIEF REQUESTED

10.     By this Motion, Trustee requests that the Court approve the Settlement Agreement.

## V. BASIS FOR RELIEF

11.     Bankruptcy Rule 9019(a) provides, in pertinent part, that "[o]n motion by Trustee and after notice of a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). The standard in this Circuit for determining whether to approve a compromise or settlement pursuant to Bankruptcy Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544 (11th Cir. 1990), *cert. denied*, 498 U.S. 959 (1990), in which the Eleventh Circuit stated as follows:

> When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:
>
> (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Id*. at 1549. In making its evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underlying the compromised disputes. *In re Teltronics Servs., Inc.*, 762 F.2d 185, 189 (2d Cir. 1985). Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and make a

pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal,* 284 F.2d 567, 571 (5th Cir. 1960).

12.     Given the potential expense of litigation in the event the claims which are proposed to be settled are instead prosecuted, the amount of time that such litigation will require, the delay before the final outcome is known, the complexity and uncertain resolution of factual and legal disputes, and the relative size of the claims filed in the Debtor's bankruptcy case, settlement on the terms set forth in the Settlement Agreement is in the best interests of the Debtor's bankruptcy estate.

13.     Specifically, the Settlement Agreement will result in a total of $265,000.00 being paid to the Debtor's bankruptcy estate. There are substantial unpaid priority and administrative claims in the Debtor's bankruptcy case, and general unsecured claims total in excess of $13 million dollars, over 99 percent of which consists of the claim of the State of Georgia. The Trustee anticipates that the Settlement Agreement will result in full payment of all priority claims other than professionals.  The priority claims the Trustee anticipates paying in full include claims of individual consumers for the purchase of services that were paid for by the consumer but not provided by the Debtor. Additionally, the Trustee anticipates there will be funds available to pay Chapter 7 administrative claims other than professional fees in full and a portion of anticipated allowed claims of Trustee's professionals. Due to the anticipated amount of priority and administrative claims and the size of the general unsecured claim of the State of Georgia, the settlement funds will not result in a meaningful recovery to general unsecured creditors in this case, if any.  Given the size of the general unsecured claim of the State of Georgia, Trustee believes that the only party who would materially benefit by a potentially larger recovery in the Insider Litigation would be the State of Georgia.  Due to the cost of litigation and risk of collection, and

after considering the interests of and consulting with the State of Georgia through counsel, the Trustee, in the exercise of her reasonable business judgment, believes that the proposed Settlement Agreement is in the best interest of creditors and the estate.

14.     Under the standard set forth above and for the reasons detailed in this Motion, Trustee requests that this Court approve the Settlement Agreement.

WHEREFORE, Trustee respectfully requests that the Court enter an Order: (i) granting this Motion; (ii) authorizing Trustee to take actions reasonably necessary to effectuate the terms of the Settlement Agreement, including, granting authority to the Trustee or a representative of Marvelay to execute consent order(s) on behalf of Marvelay in the pending litigation with the State of Georgia; and (iii) granting to Trustee such other and further relief as the Court deems just and appropriate.

Dated this 11th day of February, 2022.

LAMBERTH, CIFELLI, ELLIS
& NASON, P.A.
*Counsel for Trustee*

_____/s/ Gregory D. Ellis_____
Gregory D. Ellis
Georgia Bar No. 245310
gellis@lcenlaw.com

6000 Lake Forrest Drive, N.W., Ste. 435
Atlanta, GA 30328
(404) 262-7373

PORTNOY, GARNER & NAIL, LLC
*Special Counsel for Trustee*

_____/s/ Garrett A. Nail_____
Garrett A. Nail
Georgia Bar No. 997924
gnail@pgnlaw.com

3350 Riverwood Pkwy, Suite 460
Atlanta 30339
(404) 688-8800

6

# EXHIBIT "1" FOLLOWS

# PROPOSED SETTLEMENT AGREEMENT

## SETTLEMENT AGREEMENT

This settlement agreement (the "**Agreement**") is made and entered into this_____ day of February, 2022, by and between: Cary Quattrocchi; Asta Quattrocchi; Chris Surhoff f/k/a Chris Quattrocchi; Erran Fain Yearty; Lisa Strawn; John Quattrocchi; Darlene A. Zdrojewski; 4DZ, LLC (d/b/a Skydive Alabama, Skydive Georgia, Skydive Tennessee, Skylander/South Carolina Skydiving); SDG, LLC (d/b/a Skydive Alabama, Skydive Georgia, Skydive Tennessee); SDPA, LLC (d/b/a Skydive Philadelphia); Yvonne Crooks Cline; Ewok LLC; Falken, LLC (d/b/a Trident Technology); Camorin, LLC; Granter Media, Inc; Bilateral, LLC (d/b/a Bilateral Marketing); and Albright, LLC (collectively, the "**Settling Defendants**"), and (ii) Martha A. Miller, the Chapter 7 Trustee (the "**Trustee**") for the bankruptcy estate of Marvelay, LLC (the "**Debtor**") in the Debtor's Chapter 7 bankruptcy case pending in the United States Bankruptcy Court for the Northern District of Georgia, Case No. 18-69019-LRC.

## Defined Terms

As used in this Agreement, the following defined terms shall have the following meanings:

"**Adversary Proceeding**" shall mean and refer to the Adversary Proceeding Number 20-06252, styled *Martha A. Miller, Chapter 7 Trustee for Marvelay, LLC v. Cary Quattrocchi, et. al.*, currently pending in the Bankruptcy Court.

"**Bankruptcy Case**" shall mean and refer to the Chapter 7 bankruptcy case styled *In re Marvelay, LLC,* Case No. 18-69019-LRC, currently pending in the Bankruptcy Court.

"**Bankruptcy Code**" shall mean and refer to Title 11 of the United States Code, 11 U.S.C. §§101 *et seq.*

"**Bankruptcy Court**" shall mean and refer to the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, with jurisdiction over the Bankruptcy Case.

"**Bankruptcy Approval Order**" shall mean and refer to an order entered by the Bankruptcy Court in the Bankruptcy Case approving this Agreement and authorizing the consummation of the settlement which is the subject of this Agreement.

"**Effective Date**" shall mean and refer to the date on which the Bankruptcy Approval Order has become final ("final", in this context, means fourteen (14) calendar days shall have passed after entry of the Bankruptcy Approval Order without a notice of appeal, motion to extend time to file an appeal, or motion for reconsideration (or any similar motion) having been filed, or, if such a notice or motion is filed, such appeal shall have been conclusively resolved or such motion shall have been denied).

"**Non-Settling Defendants**" shall mean Wind Favor, LLC d/b/a Skydive Philadelphia; South Carolina Skydiving, LLC d/b/a SC Skydiving and South Carolina Skydiving; Thirty Red, LLC; Sonic Air, LLC; Metropolitan Classic Cars, Inc.; and Firm Foundations, Inc.

"**Party**" shall mean and refer to, individually, the Trustee or Settling Defendant, and the "**Parties**" shall collectively mean both the Trustee and Settling Defendants.

"**Petition Date**" shall mean and refer to November 9, 2018.

"**State Court Proceeding**" shall mean the proceedings in the Superior Court of Cobb County, Civil Action File No. 17-1-5434-58, and any appeals or related actions therefrom.

## Recitals

WHEREAS, on the Petition Date, the Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code;

WHEREAS, on November 8, 2020, the Trustee filed her *Complaint* (the "**Complaint**"), initiating the Adversary Proceeding, in which, among other things, the Trustee seeks to recovery for claims, including claims for breach of fiduciary duty and for aiding and abetting fiduciary duty breach, and to avoid and recover certain transfers as listed in the Complaint (the "**Transfers**") from the Settling Defendants which the Trustee asserts are insiders of the Debtor and the Non-Settling Defendants;

WHEREAS, the Parties, through their respective counsel, engaged in arms-length, honest and frank settlement negotiations relating to the claims in the Complaint, including the Transfers;

WHEREAS, Settling Defendants expressly deny any and all claims asserted by Trustee in the Complaint, including, without limitation, any allegations of wrongdoing;

WHEREAS, the Trustee is willing to settle this matter on the terms of this Agreement, subject to Bankruptcy Court approval; and

WHEREAS, the Parties believe that it is in their respective best interests to enter into this Agreement to avoid any further costs and expenses associated with the Adversary Proceeding or any other litigation related to the claims in the Complaint.

NOW, THEREFORE, in consideration of the foregoing and the covenants hereinafter set forth, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby agreed by the parties as follows:

1.     Settlement Payment. Subject to the occurrence of the Effective Date, the Parties agree that Settling Defendants shall pay the sum of Two Hundred Sixty-Five Thousand and 00/100ths dollars ($265,000.00) (the "**Settlement Payment**") to the Trustee, in full and final satisfaction of claims as detailed herein. The Settlement Payment must be paid to the Trustee on or before five (5) business days after the Effective Date. The Settlement Payment shall be paid by wire according to instructions provided to the Settling Defendants (or their counsel) by the Trustee or by delivery of a certified or cashier's check payable to Martha A. Miller, as Chapter 7 Trustee for Marvelay, LLC, and delivered to Martha Miller Law, LLC, P.O. Box 5630, Atlanta, GA 31107.

2.     Disallowance of All Other Claims. Subject to the occurrence of the Effective Date and the receipt by the Trustee of the Settlement Payment, any and all claims of Settling Defendants and any of their affiliates, whether filed, unfiled or scheduled, against the Debtor shall be deemed disallowed. Further, neither Settling Defendants nor any of their affiliates shall be entitled to any other claims against the Trustee, the Debtor, or the Debtor's bankruptcy estate in any amount for any reason.

3.    <u>Dismissal of Adversary Proceeding.</u> Subject to the occurrence of both the Effective Date and the receipt by the Trustee of the Settlement Payment, the Parties shall, within five (5) business days of the payment of the Settlement Payment, file a joint stipulation to dismiss the Adversary Proceeding with prejudice.  Additionally, subject to the occurrence of both the Effective Date and the receipt by the Trustee of the Settlement Payment, the Trustee shall file a stipulation dismissing the claims asserted against the Non-Settling Defendants with prejudice.

4.    <u>Mutual Release of Claims.</u>

(a)    Subject to the occurrence of both the Effective Date and the receipt by the Trustee of the Settlement Payment, the Trustee, on behalf of herself, her professionals, the Debtor and the Debtor's bankruptcy estate (collectively, the "**Debtor Parties**"), hereby releases, acquits and forever discharges Settling Defendants, their employees, officers, directors, parents, affiliates, subsidiaries, professionals, attorneys, members, managers, shareholders, agents, representatives, successors, and assigns, from any and all claims, counterclaims, rights, demands, obligations, costs, damages, losses, liabilities, attorneys' fees, actions, lawsuits and causes of action, of whatever kind or nature, known or unknown, fixed or contingent, which the Debtor Parties have, had or may hereafter claim to have in law or in equity, arising on or before the date of this Agreement, that (a) arise under the Bankruptcy Code, or (b) arise under any non-bankruptcy law and are otherwise related to the business relationship between Settling Defendants and the Debtor.

(b)    Subject to the occurrence of both the Effective Date and the receipt by the Trustee of the Settlement Payment, each of the Settling Defendants, its employees, officers, directors, parents, affiliates, subsidiaries, professionals, members, agents, representatives, successors, and assigns, hereby releases, acquits and forever discharges the Debtor Parties from any and all claims, counterclaims, rights, demands, obligations, costs, damages, losses, liabilities, attorneys' fees, actions, lawsuits and causes of action, of whatever kind or nature, known or unknown, fixed or contingent, which Settling Defendants have, had or may hereafter claim to have in law or in equity, arising on or before the date of this Agreement, that (a) arise under the Bankruptcy Code, or (b) arise under any non-bankruptcy law and are otherwise related to the business relationship between Settling Defendants and the Debtor.

6.    <u>Bankruptcy Approval.</u> The Trustee agrees to promptly file a motion with the Bankruptcy Court seeking approval of this Agreement following its execution. If this Agreement is not approved by the Bankruptcy Court for any reason, then this Agreement shall be null and void, and inadmissible against any Party, and the Parties shall be returned in all respects to the *status quo ante.*

7.    <u>Representations by the Parties:</u>

(a)    <u>By the Trustee</u>: The Trustee represents and warrants that: (i) she has full authority to execute and deliver this Agreement and to consummate the transactions contemplated herein, subject to the approval of the Bankruptcy Court; and (ii) the execution of this Agreement by the Trustee and the performance of its obligations hereunder once approved by the Bankruptcy

Court will not violate any agreement, order of court, whether written or oral, to which the Trustee is a party or otherwise subject to.

       (b)    <u>By the Settling Defendants</u>: Each Settling Defendant represents and warrants that: (i) Settling Defendant has full authority to execute and deliver this Agreement and to consummate the transactions contemplated herein; and (ii) the execution of this Agreement by said Settling Defendant and the performance of its obligations hereunder will not violate any agreement, order of court, whether written or oral, to which said Settling Defendant is a party or otherwise subject to.

       8.    <u>No Admission of Liability or Wrongdoing.</u> It is understood and agreed that this Agreement is being made in connection with the settlement and compromise of disputed claims and that such settlement is not to be construed as an admission or concession of liability by any Party, including, without limitation, any claims of wrongdoing, which Settling Defendants deny.

       9.    <u>No Effect on Pending State Court Litigation</u>.  The Parties agree and acknowledge that this settlement has no effect on the pending State Court Proceeding, other than any obligation the State of Georgia may have to account for, as a credit on any judgment, any distributions that may be made in the Bankruptcy Case to consumers or to the State of Georgia on account of an allowed claim.

       10.    <u>Attorneys' Fees and Costs.</u> The Parties shall bear their own costs and attorneys' fees incurred in connection with this Agreement and consummation of the settlement which is the subject of this Agreement.

       11.    <u>Joint Authorship.</u> This Agreement is the product of the negotiation of all of the Parties and their respective counsel. By agreement of the Parties, this Agreement shall be deemed to have been drafted jointly by the Parties, and any ambiguity in this Agreement shall not be construed for or against any Party by virtue of the identity of any drafter.

       12.    <u>Waiver.</u> No waiver of any breach of any one or more of the conditions or covenants of this Agreement by any Party shall be deemed to imply or constitute a waiver of any breach of any other condition or covenant in this Agreement, or a waiver of a breach of the same condition or covenant in the future.

       13.    <u>Authority and Binding Effect.</u> By their signatures below, each respective signatory represents that he or she has the express authority of the Party for which he or she executes this Agreement, and further has the express authority to bind his or her principals to the terms of this Agreement. Each Party represents that it is the sole and current owner of all of the claims released by this Agreement. This Agreement shall be binding upon the Parties and their successors and assigns, and, as to the Trustee, any successor trustee(s) appointed.

       14.    <u>Entire Agreement.</u> This Agreement, and the documents referred to herein, contain the entire understanding of the Parties with respect to the subject matter hereof and there have been no representations, warranties, statements, or promises, express or implied, upon which any Party hereto has relied except as specifically provided in this Agreement.

15.     <u>Amendments or Modifications of this Agreement.</u> This Agreement may not be amended, modified, or changed, nor shall any waiver of any provision hereof be effective, except by an instrument in writing and signed by all of the Parties.

16.     <u>Counterparts.</u> This Agreement may be executed in separate counterparts, including by a "PDF" thereof or by facsimile, with the same effect as if all Parties to this Agreement had signed the same instrument.

17.     <u>Severability.</u> The Parties agree that, if any single immaterial section or provision of this Agreement should be found unenforceable, it shall be severed and the remaining sections and provisions shall be enforced in accordance with the terms of this Agreement.

18.     <u>Consent.</u> The Parties represent that they have read this Agreement and have consulted with their respective attorneys about the meaning and effect of this Agreement, that they have been represented by counsel with respect to this Agreement, and that they understand this Agreement and agree to the terms and conditions thereof and sign them freely of their own will.

19.     <u>Sections and Headings.</u> The headings and captions used in this Agreement and the organization of the provisions of this Agreement into separate sections are for the purposes of information, ease of reference, and convenience only, and do not themselves limit, expand, construe, or modify the contents of any provision hereof or of the mutual intents hereby expressed.

20.     <u>Governing Law.</u> This Agreement is to be interpreted and construed in accordance with the provisions of the Bankruptcy Code and, where not inconsistent, the laws of the State of Georgia.

21.     <u>Jurisdiction.</u> Any dispute, action or proceeding arising out of or relating to this Agreement shall be within the jurisdiction of the Bankruptcy Court. In the event the Bankruptcy Court declines jurisdiction, the Parties agree that jurisdiction is proper in the state or federal courts of the State of Georgia.

This Agreement is hereby executed as of the date written on page 1, above.


MARTHA A. MILLER, AS THE CHAPTER 7
TRUSTEE FOR MARVELAY, LLC


_____
Martha A. Miller, Chapter 7 Trustee



_____
Cary Quattrocchi

5

_____
Asta Quattrocchi


_____
Chris Surhoff f/k/a Chris Quattrocchi


_____
Erran Fain Yearty


_____
Lisa Strawn


_____
John Quattrocchi


_____
Darlene A. Zdrojewski


4DZ, LLC d/b/a SKYDIVE ALABAMA,
SKYDIVE GEORGIA, SKYDIVE TENNESSEE,
SKYLANDER/SOUTH CAROLINA SKYDIVING

By:_____
Name:
Title:


SDG, LLC d/b/a SKYDIVE ALABAMA,
SKYDIVE GEORGIA, SKYDIVE TENNESSEE


By:_____
Name:
Title:

SDPA, LLC d/b/a SKYDIVE PHILADELPHIA


By:_____
Name:
Title:


_____
Yvonne Crooks Cline


EWOK LLC


By:_____
Name:
Title:


FALKEN, LLC d/b/a TRIDENT TECHNOLOGY


By:_____
Name:
Title:


CAMORIN, LLC


By:_____
Name:
Title:


GRANTER MEDIA, INC.


By:_____
Name:
Title:

BILATERAL, LLC d/b/a BILATERAL MARKETING


By:_____
Name:
Title:


ALBRIGHT, LLC


By:_____
Name:
Title:

# FORM OF CONSENT ORDER

IN THE SUPERIOR COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| STATE OF GEORGIA *ex rel.*<br>CHRISTOPHER M. CARR,<br>Attorney General State of Georgia,<br><br>     Plaintiff,<br><br>vs.<br><br>MARVELAY, LLC d/b/a Spot Reservation,<br>and d/b/a Rushcube, ERRAN YEARTY,<br>Individually, ASTA QUATTROCCHI,<br>Individually, THOMAS RICKEY BRAY, JR.,<br>Individually, and FALKEN, LLC d/b/a Trident<br>Technology,<br><br>     Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION<br><br>FILE NO. 17-1-5434-58 |

## CONSENT ORDER GRANTING PERMANENT INJUNCTION AGAINST DEFENDANTS MARVELAY, LLC, ERRAN YEARTY AND ASTA QUATTROCCHI AND MONETARY RELIEF AGAINST DEFENDANTS ERRAN YEARTY AND ASTA QUATTROCCHI

## INTRODUCTION AND PROCEDURAL POSTURE

On July 18, 2017, Plaintiff, the State of Georgia ex rel. Christopher M. Carr, Attorney General of the State of Georgia ("Attorney General"), filed the Complaint for Injunctive Relief, Civil Penalties, Restitution, and Other Relief (the "Complaint") pursuant to the Georgia Fair Business Practices Act, O.C.G.A. §§ 10-1-390 through 10-1-407 ("FBPA"), against Marvelay, LLC ("Marvelay"), Erran Yearty ("Yearty"), and Asta Quattrocchi ("Quattrocchi") (collectively, "Defendants"). Defendants filed Answers to the Complaint on September 21, 2017 denying liability and the Attorney General's requests for relief. The Attorney General amended the

Complaint twice; by operation of law the allegations against the Defendants were deemed denied. On December 17, 2018, the Court entered an Order Granting Plaintiff's Second Motion for Sanctions against Defendants, striking their Answers to the Complaint. An entry of default was made as to Defendants on January 10, 2018. On July 29, 2019, the Court entered a Consent Order Including Findings of Fact and Conclusions of Law and Granting Award of Civil Penalties, Restitution, and Attorney Fees Against Defendant Marvelay, LLC ("Marvelay Order"). The Marvelay Order reserved the Attorney General's request for injunctive relief as to Marvelay for a future ruling by this Court. The Marvelay Order further provided that the findings of fact and conclusions of law in that Order would not be binding on Defendants Yearty and Quattrocchi. The Attorney General's request for a finding of liability as to Defendants Yearty and Quattrocchi remains pending, along with a request for monetary remedies and injunctive relief.

## COMPLAINT ALLEGATIONS

The Attorney General alleges as follows:

1.  Marvelay is a foreign limited liability company registered to do business in the State of Georgia, transacting business out of, and having its principal place of business at, 2601 Summers Street, Kennesaw, Cobb County, Georgia 30144.

2.  Yearty is the sole member/owner of Marvelay.

3.  Quattrocchi was a manager of Marvelay.

4.  Marvelay operated doing business as "Spot Reservation" and "Rushcube."

5.  Prior to the filing of the Complaint, Defendants were given the opportunity to execute an Assurance of Voluntary Compliance acceptable to the Attorney General pursuant to O.C.G.A. § 10-1-402, but they refused to sign the Assurance of Voluntary Compliance.

6.    At all times relevant to the Complaint, Defendants conducted consumer transactions and/or engaged in consumer acts or practices in trade or commerce in part or wholly in the State of Georgia.

7.    At all times relevant to the Complaint, Defendants marketed and advertised goods and services through electronic media disseminated throughout Georgia and the rest of the United States, and conducted sales over the telephone and through the internet at 2601 Summers Street, Kennesaw, Georgia 30144.

8.    Defendants advertised, and sold access to, a variety of recreational activities, including but not limited to skydiving, hot air balloon rides, and airplane flight lessons. However, Defendants did not actually provide these activities; instead, Defendants made reservations with third-party vendors on behalf of consumers who wanted to participate in an activity.

9.    Defendants sold gift certificates representing a pre-paid activity that could be utilized by the purchaser of the gift certificate or any transferee of the gift certificate.

10.    At all times relevant to the Complaint, Defendants controlled approximately 4,700 domain names. Many of these domain names were associated with websites through which Defendants offered goods and services to consumers under a fictitious business name. Frequently, the domain names included a description of activities and a specific geographic location.

11.    Many of Defendants' websites included a local telephone area code and a physical address implying that the fictitious business operated from a geographic location specific to the services being offered; Defendants did not operate from these locations.

12.    Many of Defendants' websites contained representations that the fictitious business was a member of an established network, had an association with a number of affiliates, or had a network of locations, when such was not the case.

13.    Defendants' websites directed consumers to call the local telephone number listed on the website.    Rather than connecting the consumer with the advertised fictitious business purportedly located in the area of the advertised activity, the consumer's call was automatically forwarded to Defendants' place of business in Kennesaw, Georgia.

14.    Marvelay's employees answered the telephone but did not reveal to the consumer that the person answering the telephone was a representative of Marvelay, "Spot Reservation," or "Rushcube."

15.    Consumers were not aware that they had purchased a service from Marvelay until after they had provided payment information and payment had been processed.

16.    Defendants misrepresented and/or failed to inform consumers of material terms and conditions of the purchase of services and gift cards prior to processing payment, including but not limited to refund and cancellation policies.

17.    Defendants failed on occasion to secure reservations for consumers after processing consumers' payments.

18.    Defendants sold gift certificates for activities advertised in specific geographical locations for which there were no third-party vendors available in the advertised location.    Instead of offering refunds when requested, Defendants attempted to make reservations for consumers in locations that were a considerable distance away from the advertised location.

19.    Defendants took payment for a confirmed reservation at a specified location and then later informed the consumer that the reservation location had changed considerably.

20.    Defendants took payment for a confirmed reservation at a specified time when the third-party vendor did not offer services at the time represented.

21.    When third-party vendors canceled reservations due to weather, Defendants were unresponsive or unable to provide service when consumers attempted to reschedule their reservation.

22.    At all times relevant to the Complaint, Yearty and Quattrocchi posted online reviews of Defendants' fictitious businesses.  Yearty's and Quattrocchi's reviews falsely stated or implied that they had personally used the services offered by Defendants' fabricated businesses.

23.    Agents and employees of Marvelay also posted similar, favorable reviews of Defendants' imaginary businesses on Google.com.  These reviews falsely stated or implied that agents and employees of Marvelay had personally used the services offered by these businesses.

24.    Marvelay engaged in consumer transactions and/or consumer acts or practices that violated the FBPA.  Yearty and Quattrocchi directed and participated in the acts or practices of Marvelay that violated the FBPA.

25.    Defendants' acts and practices are unfair and deceptive and violated the provisions of O.C.G.A. § 10-1-393(a).

26.    Defendants' acts and practices violated O.C.G.A. § 10-1-393(b)(2), which declares the causing of actual confusion or actual misunderstanding as to the source, sponsorship, approval, or certification of goods or services to be unlawful.

27.    Defendants' acts and practices violated O.C.G.A. § 10-3-393(b)(3) which declares the causing of actual confusion or actual misunderstanding as to affiliation, connection, or association with or certification by another to be unlawful.

28.     Defendants' representations violated O.C.G.A. § 10-1-393(b)(4), which declares the use of deceptive representations or designations of geographic origin in connection with goods or services as unlawful.

29.     Defendants' representations violated O.C.G.A. § 10-1-393(b)(5), which declares representations that goods or services have sponsorships, approval, characteristics, uses, benefits, or quantities that they do not have or that a person has a sponsorship, approval, status, affiliation, or connection that he or she does not have as unlawful.

30.     Defendants' advertisements violated O.C.G.A. § 10-1-393(b)(9), which declares the advertising of goods or services with intent not to sell them as advertised as unlawful.

31.     By falsely advertising through numerous websites and posting reviews of fictitious businesses on Google, Defendants engaged in activities involving or using a computer or computer network that operate as a fraud or deceit upon a person, organization, or entity in violation of O.C.G.A. § 10-1-393.5(b)(2).

       To avoid further inconvenience and expense of litigation in this matter, Defendants consent to the entry of this Order; provided, however, that Defendants Yearty and Quattrocchi's consent to this Order and the relief herein is not an admission of allegations in the Complaint, nor shall this Order be construed as a finding that any such allegations are true and correct, all of which Defendants Yearty and Quattrocchi deny. Defendants Marvelay, Yearty, and Quattrocchi hereby waive any right to challenge in law or equity the entry of this Order by the Court and, except as otherwise expressly provided herein, waive any right to alter, modify, or amend this Order.

Upon consent of the Parties, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

This Court has jurisdiction over this matter and over Defendants.  Venue is proper as to Defendants in the Superior Court of Cobb County.

<u>DEFINITIONS APPLICABLE TO INJUNCTIVE PROVISIONS</u>

For purposes of defining the following words or phrases and injunctive relief provisions, the following definitions shall apply:

1.  "Activity" or "activities" means any sport or adventure activity performed by and/or provided by a Person, including practice or instruction in such activity and/or providing any equipment necessary to participate in such activity, and that is undertaken for the purpose of recreation, enjoyment, pleasure or leisure, including but not limited to:  skydiving, hot air balloon rides, flight lessons, helicopter rides and/or tours, hanggliding, paragliding, race car driving, limousine rides, and game trucks.

2.  "Alias" or "aliases" means alternative names, assumed names, false names, and fictitious names used by Defendants while advertising, promoting, offering for sale, and selling Goods and Services.

3.  "Assisting others" or "assisting in" means providing assistance or support to any Person, including providing any of the following services:

   a)  creating, hosting, or maintaining a website, including funding the domain registration;

   b)  obtaining or generating a customer lead;

    c)      performing or providing customer service functions including receiving or responding to consumer complaints;

    d)      verifying, processing, fulfilling, or arranging for the fulfillment of an order for the purchase of Goods and Services;

    e)      hiring, recruiting, or training personnel;

    f)      performing promotional or marketing services related to Goods and Services; and

    g)      processing or arranging for the processing of credit cards, debit cards, or payments through any other system.

4.      "Defendants" means Defendants Marvelay, Yearty, and Quattrocchi, individually, collectively, or in any combination.

5.      "Gift Certificates" means written promises by Defendants to reserve an Activity at a later date in exchange for payment, and are to be honored upon presentation.

6.      "Goods and Services" means any reservation, offer, or purported offer to make a reservation with a third-party vendor who will provide or perform an Activity for consumers, including Gift Certificates.

7.      "Including" means including without limitation.

8.      "Person" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

9.      "Reviews" means statements published on the internet, including in websites or other platforms, expressing an opinion, belief, finding, or experience of the person who published the review.

## INJUNCTIVE RELIEF

### I.

### BAN ON ADVERTISING GOODS AND SERVICES

**IT IS ORDERED** that Defendants are permanently restrained and enjoined from advertising, marketing, promoting, offering for sale, or assisting in the advertising, marketing, promoting, offering for sale, and/or selling of any Goods and Services, whether acting directly or by implication, through any means including through the use of a computer or computer network.

### II.

### BAN ON SELLING GOODS AND SERVICES

**IT IS FURTHER ORDERED** that Defendants are permanently restrained and enjoined from selling or assisting others in selling Goods and Services, whether acting directly or by implication, through any means including the use of a computer or computer network.

### III.

### PROHIBITION AGAINST CAUSING ACTUAL CONFUSION OR MISUNDERSTANDING PURSUANT TO O.C.G.A § 10-1-393(b)(2) and (b)(3)

**IT IS FURTHER ORDERED** that Defendants, acting directly or indirectly including through their officers, agents, servants, employees, and those persons in active concert or participation with them who receive notice of this Order by personal service or otherwise, in connection with the advertising, marketing, offering for sale, and sale of Goods and Services, are permanently restrained and enjoined from advertising, marketing, offering for sale, and/or selling Goods and Services, or assisting others in advertising, marketing, offering for sale, and/or selling Goods and Services, in any manner and through any means including through the use of a computer or computer network:

1.    that causes actual confusion or actual misunderstanding as to the source, sponsorship, approval or certification of Goods and Services including:

   a) using an alias that implies Defendants perform an Activity which they do not perform;

   b) using a domain name containing a geographic location where such Person does not perform an Activity and/or an Activity which such Person does not perform; and

   c) soliciting authorization for payment for Goods and Services without first disclosing Defendants' true identity, the identity of the business that will actually perform Activities, and all material terms and conditions of the purchase of Goods and Services.

2.    that causes actual confusion or actual misunderstanding as to the affiliation, connection, or association with or certification by another including:

   a) using an alias containing the name of a geographic location where such Person does not perform and Activity and/or an Activity which such Person does not provide;

   b) using a domain name containing a geographic location where such Person does not perform an Activity and/or an Activity which such Person does not provide; and

   c) representing that Defendants, including through the use of an alias, are a member of an established network of which they are not a member, a network of non-existent activity-specific providers, have an association with a number

of affiliates which they do not have, and/or have a network of locations which they do not have.

## IV.

### PROHIBITION AGAINST USING DECEPTIVE REPRESENTATIONS OR DESIGNATIONS OF GEOGRAPHIC ORIGIN PURSUANT TO O.C.G.A § 10-1-393(b)(4)

**IT IS FURTHER ORDERED** that Defendants, acting directly or through their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive notice of this Order by personal service or otherwise, in connection with the advertising, marketing, offering for sale, and sale of Goods and Services, are permanently restrained and enjoined from using deceptive representations or designations of geographic origin, or assisting others in using deceptive representations or designations of geographic origin, through any means including through the use of a computer or computer network, including:

1.  making representations, including through the use of an alias, that Defendants are a local business that may be contacted at a telephone number with a local area code in order to purchase Goods and Services;

2.  making representations, including through the use of an alias, that Defendants perform an Activity at an address or geographic location where Defendants do not perform an Activity;

3.  using a domain name containing a geographic location where such Person does not perform an Activity; and

4.  using an alias that includes a geographic location where such Person does not perform an Activity.

## V.

## PROHIBITION AGAINST MISREPRESENTATIONS PURSUANT
## TO O.C.G.A § 10-1-393(b)(5)

**IT IS FURTHER ORDERED** that Defendants, whether acting directly or indirectly through their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive notice of this Order by personal service or otherwise, in connection with the advertising, marketing, offering for sale, and sale of Goods and Services, are permanently restrained and enjoined from misrepresenting, or assisting others in misrepresenting, expressly or by implication, through any means including the use of a computer or computer network:

1.  that any Goods or Services have sponsorship, approval, characteristics, uses, benefits, or quantities that they do not have including:

    a)  representing that Activities will be performed in locations where Activities cannot or will not be performed;

    b)  representing that Activities will be performed on dates and times that Activities cannot or will not be performed; and

    c)  misrepresenting and/or failing to disclose material terms and conditions related to Goods and Services including cancellation and refund policies.

2.  that Defendants, including through the use of an alias, have a sponsorship, approval, status, affiliation, or connection that they do not have including:

    a)  representing that Defendants perform Activities;

    b)  representing that Defendants are a member of any network, have a network of locations, and/or have an association with any affiliates which they do not have;

c) representing that Defendants are members of the "American Ballooning Network"; and

d) representing that Defendants operate their business at a physical location or in a geographic location where they do not in fact operate.

## VI.

### PROHIBITION AGAINST ADVERTISING GOODS AND SERVICES WITH INTENT NOT TO SELL THEM AS ADVERTISED PURSUANT TO O.C.G.A. § 10-1-393(b)(9)

**IT IS FURTHER ORDERED** that Defendants, whether acting directly or indirectly through their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive notice of this Order by personal service or otherwise, in connection with the advertising, marketing, offering for sale, and sale of Goods and Services, are permanently restrained and enjoined from advertising, marketing, offering for sale, and/or selling Goods and Services, or assisting others in advertising, marketing, offering for sale, and/or selling Goods and Services, with the intent not to sell the Goods and Services as advertised, including through the use of a computer or computer network, including:

1. making representations in advertisements that consumers can participate in Activities within specified cities, when in fact the advertised Activity cannot or will not be provided within the specified city or within a reasonable distance from the specified city;

2.    making representations in advertisements that consumers can participate in Activities on dates and at times during which the advertised Activities cannot and will not be performed; and

3.    making representations in advertisements that imply Defendants will perform the advertised Activities.

## VII.

### PROHIBITION AGAINST ENGAGING IN UNFAIR AND DECEPTIVE ACTS AND PRACTICES PURSUANT TO O.C.G.A § 10-1-393(a)

**IT IS FURTHER ORDERED** that Defendants, whether acting directly or indirectly through their officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive notice of this Order by personal service or otherwise, in connection with the advertising, marketing, offering for sale, and sale of Goods and Services, are permanently restrained and enjoined from engaging in unfair or deceptive practices, including through the use of a computer or computer network, including:

1.    disguising Defendants' true identity and physical address and/or geographic location;

2.    misrepresenting the Goods and Services Defendants advertise and sell;

3.    providing false information to consumers to induce consumers to pay for Goods and Services;

4.      failing to inform consumers of material terms and conditions related to Goods and

Services including cancellation and refund policies prior to processing payments;

5.      selling Goods and Services but failing to provide such Goods and Services; and

6.      selling Goods and Services but failing to provide refunds to consumers to the extent

any such Goods and Services are not provided.

## VIII.

## PROHIBITION AGAINST PUBLISHING FALSE OR DECEPTIVE REVIEWS
## PURSUANT TO O.C.G.A § 10-1-393(b)(3)

**IT IS FURTHER ORDERED** that Defendants, whether acting directly or indirectly

through their officers, agents, servants, employees, attorneys, and those persons in active concert

or participation with them who receive notice of this Order by personal service or otherwise, are

permanently restrained and enjoined from publishing reviews that falsely state or imply that the

person publishing the review has personally used Goods and Services and/or that falsely state or

imply that Defendants, including Defendants' aliases, provide services to consumers at a specific

geographic location where they do not perform Activities, and/or instructing their employees,

agents, subcontractors, and/or independent contractors to publish reviews that falsely state or

imply that the Person publishing the review has personally used Goods and Services and/or that

falsely state or imply that Defendants, including Defendants' aliases, provide services to

consumers at a specific geographic location where they do not perform Activities.

## RESOLUTION OF MONETARY REMEDIES AND AGREED PAYMENT

As part of the negotiated settlement, and not as admission of liability, Defendants Yearty

and Quattrocchi shall pay Plaintiff the sum of TWO HUNDRED FIFTY THOUSAND AND NO

00/100 DOLLARS ($250,000.00) ("Settlement Payment").  The Settlement Payment is to be used by the Attorney General for purposes that may include but are not limited to civil penalties, attorneys' fees, and other costs of investigation and litigation, or to be placed in or applied to any consumer protection law enforcement fund, including future consumer protection or privacy enforcement, consumer education, litigation or local consumer aid fund, used to defray the costs of inquiry leading hereto, or for other uses permitted by state law, at the sole discretion of the Attorney General.  The Settlement Payment shall be made via cashier's check or by wire and delivered to an escrow agent upon Defendants' consent to this Order and the funds shall thereafter be disbursed in accordance with a separate escrow agreement to which the parties have already consented.

## NOTICE TO DEFENDANTS

The Court shall serve copies of this Order upon all defendants in this case by serving counsel of record for each defendant and/or by serving defendants who are not represented by counsel by mailing a copy of this Order to the address on file with the Court.  Service of the Order as set forth herein shall constitute notice to Defendants of this Order.

## GENERAL PROVISIONS

The entry of this Order resolves all claims and requests for relief of Plaintiff against the Defendants as set forth in the Complaint.

Nothing in this Order shall limit the Attorney General's right to obtain information, documents, or testimony from Defendants pursuant to any applicable state or federal law, regulation, or rule, relating to any matter that is not the subject of the Complaint.

Nothing in this Order shall have the preclusive effect on the investigations of any other persons or entities with which Defendants may be involved.

The terms of this Order shall not be construed as a waiver of any rights or remedies the Attorney General may have against Defendants under the laws of the State of Georgia if Defendants violate any of the injunctive provisions of this Order.

This Order may only be enforced by the Attorney General, Defendants, and this Court.

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order, and any other purposes as provided under the FBPA.

SO ORDERED this    day of            , 2022.

_____
Kimberly A. Childs
Judge Superior Court
Cobb Judicial Circuit

Order consented to by:

_____
Jacquelyn L. Kneidel
Assistant Attorney General
Bar No. 644727
2 Martin Luther King, Jr. Dr.
Suite 356, East Tower
Atlanta, Georgia 30334
(404) 478-3871
jkneidel@law.ga.gov

ASTA QUATTROCCHI

ERRAN YEARTY

CERTIFICATE OF SERVICE

      This is to certify that I have on this day electronically filed the foregoing *Trustee's Motion for Order Authorizing Compromises and Settlements with Certain Defendants, including Certain Insiders, under Federal Rules of Bankruptcy Procedure Rule 9019* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to all parties who have appeared in this case under the Bankruptcy Court's Electronic Case Filing program.

      This 11th day of February, 2022.

_____/s/ Gregory D. Ellis____

Gregory D. Ellis
Georgia Bar No. 245310
gellis@lcenlaw.com

6000 Lake Forrest Drive, N.W., Ste. 435
Atlanta, GA 30328
(404) 262-7373